UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carl Dixon,

                Petitioner,      Case No. 12-cv-14945

v.                                   Judith E. Levy
                                                United States District Judge

Kenneth Romanowski,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY [42]

On October 30, 2014, the Court denied *pro se* Petitioner Carl Dixon's 28 U.S.C. § 2254 habeas corpus petition, which closed the case. (ECF No. 33.) Petitioner appealed, but the Sixth Circuit denied his application for a certificate of appealability. (*See* ECF No. 38.)

A few years later, Petitioner requested authorization from the Sixth Circuit to file a second or successive habeas petition. (*See* ECF No. 40.) He argued that he was entitled to file a second habeas petition because of new evidence of his actual innocence. (*Id.*) The Sixth Circuit denied Petitioner's motion for authorization to file a second or successive habeas petition. (*Id.*)

Now before the Court is Petitioner's motion for discovery under Rule 6 of the Rules Governing 28 U.S.C. § 2254 cases. (ECF No. 42.) Petitioner requests an order compelling the Grand Rapids Police Department and the Kent County Prosecutor to produce the files for his state criminal case. (*Id.* at PageID.794.) He states that "the police file and prosecutor file is pertinent to Petitioner's actual innocence claim" without elaborating further. (*Id.*)

Petitioner cites no authority suggesting that the Court may grant discovery in a closed habeas case.[1] The Court is also without jurisdiction to consider a second habeas petition without authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding that the district court lacked jurisdiction to consider the petitioner's "second or successive" habeas petition when the Court of Appeals had not authorized the petition).

Even if the Court had jurisdiction to consider Petitioner's request, Petitioner does not show that his request for discovery should be granted under Rule 6. Habeas petitioners "[are] not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904

---

[1] This case closed long ago. Petitioner's motion for discovery is dated September 22, 2022, nearly eight years after the case closed.

2

(1997). Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Discovery is appropriate in habeas proceedings only when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy*, 520 U.S. at 908–09). Rule 6 does not permit "fishing expeditions based on a petitioner's conclusory allegations." *Id.*; *Stanford*, 266 F.3d at 460 ("We will not find that a district court erred by denying a fishing expedition masquerading as discovery.").

Here, Petitioner makes the conclusory allegation that "the police file and prosecutor file is pertinent to Petitioner's actual innocence claim." (ECF No. 42, PageID.794.) He does not specify what he believes the files contain or how the files would be material to his actual innocence claim. Thus, even if the Court could consider Petitioner's request, he has not provided good cause for the Court to order the discovery he seeks.

For the reasons above, Petitioner's motion for discovery is denied.

IT IS SO ORDERED.

Dated: June 29, 2023             s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2023.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager